[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Marc Tanis appeals the decision of the defendant commission on human rights and opportunities dismissing the employment discrimination complaint brought by the plaintiff against defendants Leonard Fishman and Roslyn Fishman. The commission acted pursuant to General Statutes § 46a-83 (Rev. to 1993). The plaintiff's appeal is authorized by §§ 46a-94a and 4-183. The court finds the issues in favor of the defendants.
Facts essential to the court's decision on the appeal are not in dispute and are fully reflected in the record. The plaintiff is a black person of Haitian origin and citizenship. During all relevant times, the plaintiff was employed at a business known as Rapid Press in Stamford, owned and operated by the defendants Leonard and Roslyn Fishman. There were a total of nine employees, including the plaintiff. The Fishmans are white, as were all the other employees except the plaintiff. The plaintiff worked at Rapid Press for over four years. His employment ceased on November 13, 1991. Subsequently, the defendants hired a white person to replace the plaintiff.
On May 7, 1992, the plaintiff filed a complaint with the defendant commission alleging that the Fishmans had fired him because of his race in violation of General Statutes § 46a-60. In accordance with § 46a-83 (a) (Rev. to 1993), the commission assigned an investigator, who proceeded to investigate the plaintiff's complaint.
The commission investigator interviewed the Fishmans and four other employees of Rapid Press, including Dan Scipioni, the only other employee mentioned by the plaintiff in his complaint. The investigator also had written statements of these witnesses, as well as the statement of the plaintiff in the complaint. All statements were made under oath. Following the investigation, the investigator sent a proposed report to the parties, seeking their comments. The plaintiff, through his attorney, responded, stating that he had another witness whom the investigator should interview. The plaintiff never provided the name of the alleged CT Page 5496-JJJJ witness, however, although he was given the opportunity to do so.
On April 21, 1993, after the investigation and the comment period, the investigator filed his report. The investigator found that the plaintiff had voluntarily terminated his employment at Rapid Press after stating that he was feeling ill. The investigator also found that the plaintiff's other allegations of racial discrimination, disparaging remarks and hostile treatment by the Fishmans and other employees, had not occurred as alleged in the complaint. The investigator stated that he made his factual findings on the basis of the interviews that he conducted and his assessment of the witnesses's credibility. The investigator concluded that there was no reasonable cause to believe that discriminatory acts had occurred and recommended, therefore, that the plaintiff's complaint be dismissed.
The commission adopted the investigator's recommendation and dismissed the complaint. The plaintiff requested reconsideration, which the commission granted. On September 10, 1993, after reconsidering the investigator's recommendation, the commission rendered its final decision dismissing the plaintiff's complaint on the basis that there was no reasonable cause for finding that an act of discrimination had occurred. It is that decision which is the subject of the plaintiff's appeal.
In his brief, the plaintiff advances essentially three arguments in support of his appeal: (1) that the commission applied the wrong legal standard in dismissing the complaint; (2) that the plaintiff was not afforded an opportunity to cross-examine adverse witnesses; and (3) that the investigator's finding of no reasonable cause was wrong on the facts.
1. Legal Standard For Maintaining Complaint
The plaintiff contends that the commission was in error in determining that there was no reasonable cause to believe that a discriminatory act had occurred. Rather, he asserts, the commission should have made the threshold determination whether there is a "reasonability CT Page 5496-KKKK possibility that investigating the complaint will result in a finding of reasonable cause," citing General Statutes § 46a-83 (b). The problem with this argument is that the procedure that the plaintiff claims the commission should have followed was not required by the statute until the enactment of Public Act 94-238. This new statute manifestly does not apply to the plaintiff's complaint or the commission's handling of that complaint, which long predated the effective date of the Act.
The commission correctly followed the provisions of § 46a-83 that were in effect in 1992 and 1993, when the plaintiff filed his complaint and the commission performed its investigation and rendered its decision. Those provisions required the commission to assign an investigator for all complaints. The investigator's task was "to investigate and determine if there is reasonable cause for believing that a discriminatory practice has been or is being committed as alleged in the complaint." See General Statutes § 46a-83 (a) (rev. to 1993). The investigator did precisely that. Because this procedure applied to all complaints, including those that the commission might have preliminarily dismissed under the screening provisions later added by Public Act 94-238, it was more favorable to complainants than the procedure in effect in 1994 and later. In any event, the plaintiff's argument that the commission followed the wrong statutory procedure and standard in handling his complaint cannot be sustained.
2. Opportunity to Cross-Examine Adverse Witnesses
In pursuing the investigation, the investigator interviewed the Fishmans and four other employees of Rapid Press. He conducted each interview out of the presence of the other witnesses and out of the presence of the plaintiff and his attorney. The plaintiff argues that this procedure violated the Uniform Administrative Procedure Act. Although inaccurately cited in his brief, the plaintiff apparently is referring to General Statutes § 4-177c(a), which guarantees the right of a party "in a contested case . . . (2) at a hearing . . . to cross-examine other parties, intervenors and witnesses."
The plaintiff's reliance on § 4-177c is misplaced. CT Page 5496-LLLL The commission proceeding at the stage in question was not yet a "contested case" within the meaning of the UAPA, and the investigation was not a "hearing." Accordingly, the statute did not require the commission to allow complainants to cross-examine witnesses on the statements that they gave to the commission's investigators during the course of investigations conducted pursuant to § 46a-83 (Rev. to 1993).
The plaintiff also contends that the plaintiff had a constitutional right to cross-examine the witnesses interviewed by the investigator, citing Farhoud v.Commission on Human Rights and Opportunities, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 24 28 43 (January 27, 1989, Berdon, J.).
In the Farhoud case, Judge Berdon did indeed hold that a complainant is entitled to a full hearing, including the right to cross-examine adverse witnesses, before the commission may determine that there is no reasonable cause to believe that a discriminatory act had occurred. That Superior Court decision is not binding on this court, however. For the reasons set forth below, this court declines to follow it.
In Adriani v. Commission on Human Rights andOpportunities, Superior Court, judicial district of New Haven at New Haven, Docket No. 29 50 66 (October 1, 1990,Schimelman, J.), reversed and remanded on other grounds,220 Conn. 307 (1991), the court was presented with the identical issue and held that the complainant was not entitled to a hearing. The court pointed out that "Due process is flexible and calls for such procedural protections as the particular situation demands," citingLittle v. Streater, 452 U.S. 1, 5 (1981) and, to the same effect, Hartford Federal Savings Loan Associationv. Tucker, 196 Conn. 172, 176 (1985). The court noted that the determination of due process in a particular situation depends on three factors: (1) the private interest that is affected; (2) the risk of a wrongful deprivation of that interest as a result of the challenged governmental procedure; (3) the probable value, if any, of the additional safeguard demanded by the plaintiff; and (4) the government's interest, including the additional function that would have to be CT Page 5496-MMMM performed and the administrative and fiscal burdens that would be incurred, citing Matthews v. Eldridge, 424 U.S. 319,334-335 (1976).
In Adriani, the Superior Court noted that the complainant in that case was afforded a variety of procedural safeguards before the commission rendered its decision dismissing the complaint. As in the present case, these included the opportunity to identify any witnesses he wished the investigator to interview and the opportunity to review the investigator's preliminary summary of his investigation, including reports of interviews of the witnesses. As in the present case, the complainant was given an opportunity to present a critical response to the investigator's proposed findings and submit rebuttal evidence and suggest additional favorable witnesses. In the present case, it should be noted, the plaintiff even was able to listen to tapes of the interviews of adverse witnesses.
In Adriani, the Superior Court held that the safeguards already in place were adequate to afford due process to a complainant without the necessity of providing a hearing. As noted, the plaintiff in the present case enjoyed the same safeguards. Based on the factors summarized above and following the reasoning of the Superior Court in Adriani, this court holds that the failure of the commission to allow the plaintiff to cross-examine the adverse witnesses did not deprive him of due process of law.
3. Factual Basis of Decision
The plaintiff claims that the investigator improperly based his factual findings on the statements of adverse witnesses who were biased against the plaintiff.
In its decision on appeal in the Adriani case, the Supreme Court held
 a necessary corollary to allowing the commission to consider all relevant evidence gathered during the investigation is that in making the reasonable cause determination, the investigator, and the commission CT Page 5496-NNNN when reviewing the investigator's recommendation, are entitled to make findings on disputed issues of material fact by weighing the credibility of witnesses and drawing inferences.
Adriani v. Commission on Human Rights and Opportunities,
supra, 220 Conn. 307, 317.
The principal caveat on this rule is that the investigation be thorough. Id. 319. In the present case, the record discloses that the investigator interviewed six witnesses in addition to the plaintiff. All interviews were taped, and the tapes were furnished to the plaintiff. The plaintiff was given the opportunity to suggest other witnesses but did not do so. It appears undisputed that the investigator followed every lead available and that the plaintiff did not suggest any further avenues of investigation. In view of this record, the court cannot conclude that the investigation was not as thorough as was reasonably possible.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183 (j) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact . . . The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." See also to the same effect, Adriani v. CHRO, supra, 220 Conn. 314-315.
Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably arbitrarily, illegally, or in abuse of its discretion."Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57 — 58 (1991).
In the present case, there was clearly substantial evidence in the record to support the commission's CT Page 5496-OOOO findings and its conclusion of no reasonable cause. Applying the familiar principles of administrative law summarized above, the court concludes that it may not disturb those findings and conclusion.
For all of the reasons set forth above, the appeal is dismissed.
MALONEY, J.